The facts in this case sufficiently appear in the opinion of the court, which was delivered by —
Shaw, C. J.
This is a motion for leave to enter a writ, which was made returnable “before our justices of our supreme judicial court, at our clerk’s office in Boston,” on the first Monday of March current. The plaintiff did not move to enter it on that or the succeeding day. The court commenced its session on the second day, the first Tuesday of March. The question is to be decided under the statute of 1851, c. 233. The provisions of the 13th section of that act are to be considered in close connection with those of the 9th section. The ninth section provides that “ all original writs, writs of scire facias, and writs of execution, returnable into the supreme judicial court, or court of common pleas, in each county, whether said court be then in session or not, shall be made returnable on the following return days, namely: In the counties of Suffolk, Nantucket, Dukes County, and Hampden, on the first Monday of every month,” &c. At the close of the section it is added, that “ all such writs shall hereafter be made returnable on these days, instead of the return days now fixed by law,” then follow the negative words, “which are no longer to be return days of such writs.”
A certificate has been filed, signed by the attorneys on both sides, stating that the non-entry arose from mere inadvertence and mistake, and signifying their consent to the entry of the action.
Now the 13th section of the act is this : —
“ On the return of a writ, if a declaration shall have been inserted therein, or filed pursuant to the eighth section, the action shall be entered on the docket, by the clerk, upon motion of the plaintiff, or his attorney, made on the return day, or the next day thereafter, and upon payment of the fees of *401 the clerk therefor. If no declaration shall have been filed, or inserted in the writ, the action shall not be entered, and upon a'complaint, as now provided by law, the defendant shall have judgment for costs. Such complaint shall be entered within three days after the return day of the writ, whether the court shall then be in session or not, and not afterwards, and the court shall enter judgment thereon at the earliest convenient day thereafter.”
The original draft of the section, as contemplated, not as reported, directed the clerk to enter the writs referred to, but that was afterwards altered, upon the ground that the plaintiff might not choose to prosecute his action, or it might have been settled by agreement of parties, and without notice to the clerk; and, in such case, an action might be at issue on the docket, where there was no controversy between the parties, and no one to pay the entry fees. And hence it was provided, by the act as it passed, that the plaintiff, or his attorney, should move for the entry of the action ; and that it should only be entered upon payment of the fees of the clerk therefor.
We suppose that, in all cases where the action is not entered, the defendant is entitled to his costs, upon making his complaint. Such complaint is to be entered “within three days after the return day of the writ, and not afterwards,” and the court is to enter judgment at the earliest convenient day thereafter, as soon as it sits if it may be then done.
The question here is, whether this writ is not functus officio, after the two days for entering it have passed, and the time for the defendant to file his complaint for costs has arrived; and we are of opinion that it was. The principal doubt we have felt is, whether the action could be allowed to be entered by consent. But the provisions of the statute are express and explicit. The plaintiff has two days to enter his action, and after the lapse of the second day, if the writ is not entered, the defendant may enter his complaint. Under the law as it formerly stood, the whole term being in contemplation of law but one day, the court could allow an action to be entered on any day of the term. Then, when the court had jurisdiction of the *402 subject-matter, and of the persons of the parties, almost anything could be done by consent. But even under the law as formerly, the action could not be entered on motion, after the close of the return term; in cases where it was allowed on petition, it was by authority given by statute. But, as the law now stands, the writ is not returnable at any term, but on a fixed day, and that day and the succeeding one are alone allowed to enter the action. Suppose no writ had been made, or that it was offered for entry four months after the return day. Where are the limits of its jurisdiction, if the court has it here, and how long does it last ? The difficulty in granting leave to enter by consent is twofold; 1st, the writ is functus officio, and the court have thereby no jurisdiction of the person; and 2dly, unless they have jurisdiction of the person, the court cannot take notice of the appearance of an attorney, or require the production of his power, or inquire into his authority. The very well-considered case of Bell v. Austin, 13 Pick. 90, is applicable to the present in principle.
That case came before the court upon a writ of error, and the error assigned was, that the judgment was rendered upon a default of the defendant, when he had not been duly summoned to appear before the court. It appeared that the writ was made returnable, by mistake, on the first Tuesday of April. The law having provided that the term should commence on the fourth Tuesday after the first Tuesday in March, which, in that year, had five Tuesdays. The plaintiff, in the court of common pleas, had leave to amend his writ, stating the right day of the sitting of the court, and the defendant not appearing, a default was entered, upon which the judgment was rendered. The court held the judgment erroneous, because the defendant had not been summoned to appear at that time. A default of the defendant admits that the plaintiff’s declaration is correct, and implies the defendant’s consent that judgment may be entered; but it is founded solely on the assumption that he has notice to appear at that time and answer, in which case silence is evidence of consent. But here, the defendant not having been summoned, no such consent could be implied.
*403 If the amendment was allowable without consent of the defendant, it made the officer's return of service appear to certify a summons to the defendant to appear at a time to which he had not been summoned. The defendant had not, in fact, been summoned to appear on the day named in the writ as amended.
The writ here cannot be entered nunc pro tunc, for the reasons already given, that the case is not, and never has been, in court, for any judicial action.

Motion for leave to enter the action overruled